| UNITED STATES BANKRUPTCY COURT | RETURN DATE: DECEMBER 16, 2010 |
| SOUTHERN DISTRICT OF NEW YORK | @9:45 A.M. |

------------------------------------------------------x

In re:

JULIO E. POLO,

        Debtor.

------------------------------------------------------x

Case No. 10-12035 REG

Chapter 7

## REPLY TO AFFIDAVITS IN OPPOSITION TO RETAIN DOYLE NEW YORK AND REMOVE PROPERTY TO ITS AUCTION FACILITY

TO THE HONORABLE ROBERT E. GERBER,
UNITED STATES BANKRUPTCY JUDGE:

      JOHN S. PEREIRA, the Chapter 7 Trustee (the "Trustee") herein, of Julio E. Polo, the above captioned debtor (the "Debtor"), as and for his reply to the affidavits in opposition to the retention of Doyle New York ("Doyle") to remove non-exempt personal property of the Debtor from the Debtor's residence at Trump Tower, Apt. 47B to its auction facility for the purpose of conducting a public auction sale of same, respectfully shows and represents:

      1.      The affidavit of the Debtor and the affidavit of Georges de Bartha both state that they believe certain of the paintings may be worth more than the estimate contained in the letter from Doyle dated November 8, 2010, which letter the Trustee annexed to the Application to set forth the terms of Doyle's retention. However, no proof of the value of any of the paintings or other property has been provided by the parties opposing the retention.

      2.      The Trustee on many occasions has requested and demanded from the Debtor all documentation concerning not only the numerous paintings, but also the other personal property located in the apartment. The Debtor has not turned over any documents showing the purchase price paid for any of the paintings or other personal property located thereon.

      3.      Unless and until the paintings and other personal property are removed, and some of the personal property and the real property (the condominium unit known as Apartment 47B) are

sold, the estate of the Debtor will continue to lose equity in the real property and be unable to pay any of the creditors of the estate.

4. HSBC obtained a judgment of foreclosure against the condominium unit and are owed approximately $2,300,000.00. The Debtor filed his bankruptcy petition on the eve of the foreclosure sale to prevent same. The Debtor has not paid anything to HSBC since the filing to reduce that obligation. Further the Debtor has not paid any of maintenance charges due to the building since the filing. Exhibit A annexed is the Trump Tower tenancy profile, showing the Debtor's pre-petition and post-petition arrears totalling $65,273.54 as of December 1, 2010.

5. The Trustee retained, pursuant to Court order, real estate brokers to market the condominium unit and sell same in the hope that the sale would generate sufficient funds to pay all of the Debtor's creditors without the necessity of selling the Debtors personal property, or by allowing the sale of one or more of the paintings with the help of the Debtor. Unfortunately, all proposed sales by the Debtor have fallen through, and prospective purchasers of the condominium unit have not been able to properly evaluate the unit as it is filled and cluttered with paintings and other personal property. Annexed as Exhibit B are pictures of the condominium unit which clearly show the cluttered condition of the apartment.

6. The estate has no funds to insure the property located therein, and it is impossible to conduct a public auction sale from the premises. Doyle will insure the property, pack and remove it, catalogue, advertise and safeguard the property. A public auction sale, with proper advertising and displays will guarantee that all parties interested will be able to properly view the property and assure that the highest values for the property are received. Annexed hereto as Exhibit C is a resume of Doyle showing their expertise in the property which will be the subject of the sale.

7. A public auction sale by Doyle and the sale of the condominium unit is in the best

interests of the estate as it will generate sufficient funds to pay both the unsecured creditors and the secured creditors herein.

WHEREFORE, the Trustee respectfully requests that the objections filed be overruled and Doyle be retained to remove and sell the non-exempt property of the Debtor.

Dated: New York, New York
       December 13, 2010

    /s/ John S. Pereira
JOHN S. PEREIRA (JP4856)
Chapter 7 Trustee of Julio E. Polo
150 East 58th Street, 14th Floor
New York, New York 10155
(212) 758-5777